## Ex Parte DAVID EICHEL.

**Division Two, November 23, 1909.**

**CONTEMPT: Refusal to Answer Question: Incrimination.** The petitioner was committed to jail for refusing to answer this question propounded by the grand jury: "Did you ever make any bet with any persons other than Steve Pensa upon the result of any horse race to be run anywhere in this State, or without this State, at his place of business on Washington Avenue?" *Held*, that, having declared under oath to the court that he could not answer the question without incriminating himself, he was not guilty of pertinaciously refusing to answer a lawful question, and was not guilty of contempt, and is entitled to his discharge.

### Habeas Corpus.

PETITIONER DISCHARGED.

*T. J. Rowe, Thos. J. Rowe, Jr.,* and *Henry Rowe* for petitioner.

*Seebert G. Jones* and *Forrest G. Ferris* for respondents.

GANTT, P. J.—The petitioner was committed to the jail of the city of St. Louis for contempt of court in refusing to answer a certain question before the grand jury of said city. He was brought before the judge of Division Number Ten of the circuit court, and having been ordered to answer the question, and having again refused to do so, was committed to the custody of the jailer until he should answer said question. Thereupon he sued out a writ of *habeas corpus* in this court.

The question which he refused to answer was the following: "Did you ever make any bet with any persons other than one Steve Pensa upon the result of any horse race to be run anywhere in this State,

or without the State, at his place of business on Washington Avenue?"

The petitioner answered that he could not answer this question without incriminating himself, and the question now presented is whether he was guilty of pertinaciously refusing to answer a lawful question. While counsel for the State has endeavored to draw a distinction between the facts of this case and that of Ex parte Gauss, which has been heard and the opinion handed down at this sitting of the court, we have been unable to make any distinction in the principle which should govern in such a case. We think the witness was entitled to refuse to answer the question after he had disclosed under oath to the court that he could not do so without accusing himself of a crime.

For the reason given in Ex parte Gauss, *post,* p. 277, we think the commitment was wrongful and accordingly the prisoner is discharged.

*Burgess* and *Fox, JJ.,* concur.